1  Daniel B Chammas (SBN 204825)
   dchammas@fordharrison.com
2  Min K. Kim (SBN 305884)
   mkim@fordharrison.com
3  FORD & HARRISON LLP
   350 South Grand Avenue, Suite 2300
4  Los Angeles, CA 90071
   Telephone: (213) 237-2400
5  Facsimile:  (213) 237-2401

6  Attorneys for Defendants,
   Healthpro Heritage, LLC; Healthpro
7  Heritage At Home, LLC; New Life Physical
   Therapy Services, P.C.; and New Life
8  Physical Therapy Services San Diego, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE ABASTA, an individual, on behalf of herself, and on behalf of all persons similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHPRO HERITAGE, LLC, a South Caroline limited liability company; HEALTHPRO HERITAGE AT HOME, LLC, an Oklahoma limited liability company; NEW LIFE PHYSICAL THERAPY SERVICES, P.C., a California corporation; NEW LIFE PHYSICAL THERAPHY SERVCIES SAN DIEGO, INC., a California corporation; and DOES 1-50, Inclusive, <br><br> Defendant. | CASE NO. **'23CV0782 BEN DEB** <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br><br> Action Filed: March 8, 2023 <br> Removal Date: April 28, 2023 |

# **TABLE OF CONTENTS**

**Page**

I. PLEADINGS AND PROCESS, AND ORDERS ............................................. 1

II. TIMELINESS OF REMOVAL ...................................................................... 2

III. VENUE .......................................................................................................... 3

IV. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ............................................................................................ 3

    A. Citizenship of Parties ........................................................................... 4

    B. The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members ......................... 5

V. NOTICE OF REMOVAL ............................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ...................................................................................... 6, 7
*Behrazfar v. Unisys Corp.*,
  687 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................................... 8
*Cagle v. C&S Wholesale Grocers, Inc.*,
  __ F.R.D. ___, 2014 WL 651923 (E.D. Cal. Feb. 19, 2014) ......................................... 8
*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014) ..................................................................................................... 6, 7
*Ibarra v. Manheim Investments, Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ................................................................................. 5, 6, 7
*Kanter v. Warner-Labert Co.*,
  265 F.3d 853 (9th Cir. 2001) .......................................................................................... 4
*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ........................................................................................ 4
*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................... 8
*Krug v. Wells Fargo Bank, N.A.*,
  2011 WL 6182341 (N.D. Cal. Dec. 13, 2011) ............................................................... 3
*Luckett v. Delta Airlines, Inc.*,
  171 F.3d 295 (5th Cir. 1999) .......................................................................................... 8
*Mejia v. DHL Express (USA), Inc.*,
  2015 WL 2452755 (C.D. Cal. May 21, 2015) ............................................................... 9
*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ................................................................................................... 2, 3
*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
  303 U.S. 283 (1938) ....................................................................................................... 5
*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ....................................................................................................... 6

**Federal Statutes**

28 U.S.C. § 84(d) ................................................................................................................ 3
28 U.S.C. § 1332(d) .................................................................................................... 1, 3, 5
28 U.S.C. § 1332(d)(2) ............................................................................................... 3, 4, 5
28 U.S.C. § 1332(d)(2)(A) ................................................................................................. 5
28 U.S.C. § 1332(d)(3)-(5) ................................................................................................. 3

28 U.S.C. § 1332(d)(5)(B) ................................................................................................ 11
28 U.S.C. § 1332(d)(6) ...................................................................................................... 5
28 U.S.C. § 1332(d)(10) .................................................................................................... 5
28 U.S.C. § 1441(a) ....................................................................................................... 3, 5
28 U.S.C. § 1446(b) ....................................................................................................... 2, 3
28 U.S.C. § 1446(d) ........................................................................................................... 2
28 U.S.C. § 1453(b) ........................................................................................................... 4

**State Statutes**

Cal. Bus. & Prof. Code § 17200 .................................................................................... 1, 9
Cal. Code of Civil Procedure § 382 .................................................................................. 3
Cal. Lab. Code § 201 ..................................................................................................... 2, 9
Cal. Lab. Code § 202 ..................................................................................................... 2, 9
Cal. Lab. Code § 203 ..................................................................................................... 2, 9
Cal. Lab. Code § 226 ..................................................................................................... 2, 9
Cal. Lab. Code § 226(e)(1) .............................................................................................. 10
Cal. Lab. Code § 226.7 .................................................................................................. 2, 9
Cal. Lab. Code § 510 ..................................................................................................... 1, 9
Cal. Lab. Code § 512 ..................................................................................................... 2, 9
Cal. Lab. Code § 2802 ................................................................................................... 2, 9
Cal. Lab. Code § 1194 ................................................................................................... 1, 9
Cal. Lab. Code § 1197 ................................................................................................... 1, 9
Cal. Lab. Code § 1197.1 ................................................................................................ 1, 9

**Federal Rules**

Fed. R. Civ. Proc. 6(a) ...................................................................................................... 3

**Other Authorities**

H.R. Rep. No. 112-10, p. .................................................................................................. 7

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendants Healthpro Heritage, LLC, Healthpro Heritage At Home, LLC, New Life Physical Therapy Services, P.C., and New Life Physical Therapy Services San Diego, Inc. (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

**I.    PLEADINGS AND PROCESS, AND ORDERS**

1.    On March 8, 2023, Plaintiff Geraldine Abasta ("Plaintiff") individually and on behalf of all others similarly situated, filed a complaint against Defendants entitled "*Geraldine Abasta, an individual, on behalf of herself, and on behalf of all persons similarly situated v. Healthpro Heritage, LLC, a South Carolina limited liability company; Healthpro Heritage At Home, LLC, an Oklahoma limited liability company; New Life Physical Therapy Services, P.C., a California corporation; New Life Physical Therapy Services San Diego, Inc., a California corporation; and Does 1-50, inclusive.*," in the Superior Court of California, County of San Diego, Case No. 37-2023-00009663-CU-OE-CTL (hereinafter, the "Complaint"). A true and correct copy of the Complaint is attached to the Declaration of Min K. Kim, ¶ 2 ("Kim Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2.    The Complaint alleges eight causes of action which Plaintiff pursues on a class-wide basis: (1) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq.; (2) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1; (3) failure to pay overtime wages in violation Cal. Lab.

Code § 510, *et seq.*; (4) failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 and 512 and the applicable IWC wage order; (5) failure to provide required rest periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the applicable IWC wage order; (6) failure to reimburse employees for required expenses in violation of Cal. Lab. Code § 2802; (7) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; and (8) failure to provide accurate itemized statements in violation of Cal. Lab Code § 226 (*See generally* Ex. A. *supra*.)

3. True and correct copies of the Summons, Civil Case Cover Sheet, ADR Information, Stipulation to Use Alternative Dispute Resolution, and Notice of Case Assignment and Case Management Conference are attached to the Kim Decl. as **Exhibit B**.

4. True and correct copies of Notice of Acknowledgment of Receipt of Summons and Complaint signed by Defendants on March 29, 2023 are attached to the Kim Decl. as **Exhibit C**.

5. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders received by Defendants or filed with the Court in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, County of San Diego or served by any party. (Kim Decl., ¶ 5.)

**II. TIMELINESS OF REMOVAL**

6. Defendants received copies of the Complaint and the Summons along with the Notice and Acknowledgment of Receipt on March 9, 2023. Defendants signed and returned the Notice and Acknowledgment of Receipt on March 29, 2023, making the service of Summons and Complaint complete on the same day. (*Id.*, ¶ 5.) This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days after March 29, 2023, date on which Defendants were served with the Complaint. *See Murphy Bros., Inc. v.*

*Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See id.* Here, the last day for removal falls on April 28, 2023 accounting for weekends and holidays. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011). Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

**III.  VENUE**

7. The United States District Court for the Southern District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of San Diego, which is located within the Southern District of California. 28 U.S.C. § 84(d).

**IV.  JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

8. This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

9. Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from one of the Defendants. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

10. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of "all persons who are or previously were employed by

Defendant Healthpro Heritage and/or Defendant Healthpro Heritage at Home, and/or Defendant New Life Physical Therapy Services and/or Defendant New Life Physical Therapy Services San Diego in California and classified as non-exempt employees…at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court." (Compl., ¶ 8, Ex. A to Kim Decl., ¶ 2.)  While Plaintiff does not allege the size of the class in the Complaint, she claims that the "members of the class are so numerous that joinder of all class members is impractical." (*Id.* at ¶ 53.)

### A.   Citizenship of Parties

11.   Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."   CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

12.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13.   Here, Plaintiff alleges that she "has been employed by DEFENDANT in California since April of 2020 as a non-exempt employee..." (Compl., ¶ 7, Ex. A to Kim Decl.)  Based on Plaintiff's personnel records with Defendant New Life Physical Therapy Services, Plaintiff resides in California. Accordingly, Plaintiff is a citizen of the State of California for diversity purposes. *Kanter*, 265 F.3d at 857.

14.   For purposes of CAFA, "an unincorporated association such as an

LLC is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

15. Defendant Healthpro Heritage, LLC is a limited liability company that is organized under the laws of the State of South Carolina, with its principal place of business in the State of Maryland.

16. Accordingly, Defendant Healthpro Heritage, LLC is a citizen of South Carolina and Maryland for purposes of diversity jurisdiction. 28 U.S.C. § 1332(d)(10).

17. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

18. Here, diversity of citizenship is met because Plaintiff is a citizen of California while Defendant Healthpro Heritage, LLC is a citizen of South Carolina and Maryland. Therefore, the minimal diversity requirement is fully satisfied. *See*, 28 U.S.C. § 1332(d)(2)(A).

**B.  The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**

19. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

20. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*,

303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibid.*

21. Here, Plaintiff has made a claim that "[t]he amount in controversy for the aggregate claim of the CALIFORNIA CLASS Members is under five million dollars ($5,000,000). (Compl., ¶ 8.) The Supreme Court has held that when "a class-action plaintiff ... stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total," the district court should "ignore[ ] that stipulation" when assessing the amount in controversy. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590, 596 (2013). "This is so because although individual plaintiffs "are the masters of their complaints" and may "stipulat[e] to amounts at issue that fall below the federal jurisdictional requirement," the same is not true for a putative class representative, who "cannot yet bind the absent class."" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928–29 (9th Cir. 2019) (citing to *Standard Fire Ins. Co.,* 568 U.S. at 595–96). Thus, Plaintiff's allegation in her Complaint that the amount in controversy does not exceed five million dollars does not preclude Defendants' ability to remove the case under CAFA.

22. More importantly, based on the Plaintiff's factual allegations in the Complaint and the number of all current and former hourly, non-exempt employees of Defendants in California from March 8, 2019 (four years prior to the filling of Plaintiff's Complaint) to April 28, 2023 (the date of removal), the amount in controversy exceeds the jurisdictional threshold. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. 81, 89 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart*

*Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011). *See also Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

**Calculation of Amount in Controversy with Reasonable Assumptions**

23. Here, Defendants can plausibly allege, based on Plaintiff's Complaint and her prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of Defendants herein are limited to their preliminary understanding of Plaintiff's claims and data currently available to Defendants.

24. Plaintiff has defined the proposed Class as "all persons who are or previously were employed by Defendant Healthpro Heritage and/or Defendant Healthpro Heritage at Home, and/or Defendant New Life Physical Therapy Services and/or Defendant New Life Physical Therapy Services San Diego in California and classified as non-exempt employees…at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court." (Compl., ¶ 8, Ex. A to Kim Decl., ¶ 2.) During the period of March 8, 2019 to April 28, 2023 (the date of removal) (hereinafter, the "Relevant Time Period"), based on the personnel and payroll records of those whom Defendants employed as hourly non-exempt employees, Defendants employed at least 1,290 individuals in California as hourly, non-exempt employees

from January 1, 2021 to April 28, 2023 (the date of removal). The employees in question were employed full-time, and worked eight hours a day for 5 days a week. Accordingly, based on the employees' shift lengths and workweek schedules, it is reasonable to assume that all 1,290 employees in question are members of the Proposed Class Members. Based on the Proposed Class Members' personnel and payroll records, the average hourly rate of the Proposed Class Members is $42.37 per hour. As of the date of the removal, the Proposed Class Members worked at least 121,269 workweeks during the Relevant Time Period.

25. While Defendants deny Plaintiff's claims of wrongdoing and deny her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does a defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

26. Where a plaintiff alleges that a defendant "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [break laws] … [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the

ATTORNEYS AT LAW
LOS ANGELES

8   DEFENDANTS' NOTICE OF REMOVAL

company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015) (emphasis added). In that instance, the district court found that "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." *Id.*

27. Here, Plaintiff alleges eight causes of action: (1) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq.; (2) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1; (3) failure to pay overtime wages in violation Cal. Lab. Code § 510, et seq.; (4) failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 and 512 and the applicable IWC wage order; (5) failure to provide required rest periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the applicable IWC wage order; (6) failure to reimburse employees for required expenses in violation of Cal. Lab. Code § 2802; (7) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; and (8) failure to provide accurate itemized statements in violation of Cal. Lab Code § 226. (*See generally* Kim Decl., Ex. A.)

**Failure to Provide Accurate Itemized Wage Statements Claim**

28. For the Seventh Cause of Action, Plaintiff alleges that "[w]hen DEFENDANTS did not accurately record PLAINTIFF'S and other CALIFORNIA CLASS Members' missed meal and rest breaks, or were paid inaccurate missed meal and rest breaks premium, or were not paid for all hours worked, DEFENDANTS violated Cal. Lab. Code § 226 in that DEFENDANTS failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements…" (*Id.*, at ¶ 123.) Plaintiff further alleges that "DEFENDANTS knowingly and intentionally failed to comply with Cal. Lab. Code §226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS." (*Id.*, at ¶ 125.)

29. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Labor Code ¶ 226(e)(1).

30. Proposed Class Members received one wage statement every two weeks. Given the one-year statute of limitations for this claim, if every Proposed Class Member that worked after January 1, 2021, is awarded $50 for the first week he or she worked, and $100 for every workweek thereafter, then this claim puts **$3,915,800** at stake.

**Failure to Pay Final Wages at Termination Claim**

31. As for the Eighth Cause of Action, Plaintiff also claims that "[t]he employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated, and DEFENDANTS have not tendered payment of wages to these employees who missed meal and rest breaks, as required by law." (*Id.* at ¶ 132.)

32. Plaintiff seeks "up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law. (*Id.*, at ¶ 133.)

33. Given the three-year statute of limitations for claims under section 203, at least 288 class members were terminated after March 8, 2020. The average daily shift for these employees was eight hours in length. Assuming *arguendo* the truth of Plaintiff's allegations that these employees are entitled to waiting time penalties, the amount in controversy is estimated to be at least **$2,615,489.60**.

34. The amount in controversy for *only* Plaintiff's seventh (wage statement claim) and eighth (waiting time penalties) causes of action is estimated to be at least **$6,531,289.60**, exclusive of attorneys' fees and interest.

35. Finally, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied at the very least by the 1,290 Proposed Class Members identified herein above. *See* 28 U.S.C. § 1332(d)(5)(B).

## V. NOTICE OF REMOVAL

36. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego.

37. By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or federal law. Defendants expressly reserve the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

38. WHEREFORE, Defendants pray that the Court remove this civil action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Respectfully submitted,

Dated:  April 28, 2023               FORD & HARRISON LLP

By: */s/ Min K. Kim*
    Daniel B Chammas
    Min K. Kim
    Attorneys for Defendants,
    Healthpro Heritage, LLC; Healthpro Heritage At Home, LLC; New Life Physical Therapy Services, P.C.; and New Life Physical Therapy Services San Diego, Inc.

# **PROOF OF SERVICE**

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **April 28, 2023**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

## **DEFENDANTS' NOTICE OF REMOVAL**

| | |
|---|---|
| Shani O. Zakay<br>Jackland K. Hom<br>Julieann Alvarado<br>ZAKAY LAW GROUP, APLC<br>5440 Morehouse Drive, Suite 5400<br>San Diego, CA 92121<br>Tel.: (619) 255-9047<br>Fax: (858) 404-9203<br>Email: shani@zakaylaw.com<br>    jackland@zakaylaw.com<br>    julieann@zakaylaw.com<br>Natalie Michele - natalia@zakaylaw.com<br><br>Jean-Claude Lapuyade<br>JCL LAW FIRM, APC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>Tel.: (619) 599-8292<br>Fax: (619) 599-8291<br>Email: jlapuyade@jcl-lawfirm.com<br><br>Maria Watters –<br>mwatters@jcl-lawfirm.com<br>Tesla Stone – tstone@jcl-lawfirm.com | Attorneys for Plaintiff,<br>GERALDINE ABASTA |

☐ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

|   |   |   |
|---|---|---|
| 1 | ☒ | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful. |
| 4 | ☒ | **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct. |

Executed on **April 28, 2023**, at Los Angeles, California.

_____
Lillian Marquez